**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,**

v.

**KENTUCKY TEXTBOOKS, INC. and the Kentucky Board of Tax Appeals, Appellees.**

Supreme Court of Kentucky.

Sept. 16, 1977.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Legal Staff, Dept. of Revenue, Frankfort, for appellant.

Edward F. Prichard, Jr., William L. Graham, Frankfort, W. Rodes Clay, Lexington, for appellee Kentucky Textbooks, Inc.

PER CURIAM.

This is an appeal by the Department of Revenue from a judgment of the Franklin Circuit Court affirming a decision of the Kentucky Board of Tax Appeals which held appellee Kentucky Textbooks, Inc. exempt from sales tax pursuant to KRS 156.450.

Section 170 of the Kentucky Constitution exempts from taxation ". . . institutions of education not used or employed for

gain by any person or corporation, and the income of which is devoted solely to the cause of education, public libraries, their endowments, and the income of such property as is used exclusively for their maintenance . . ." The Department of Revenue has interpreted § 170 to exempt local boards of education from sales and use taxes as well as property taxes. See also KRS 139.470.

KRS 156.450 allows each board of education to appoint one or more dealers to act as "official retail agents for the sale of books for use in the school district, or any school unit may purchase and distribute books to its own patrons . . ." The statute also limits the amount an agent may charge for the books to 20% over the wholesale price.

Textbooks is in the wholesale business of selling school textbooks to local boards of education for use by students and teachers. It has no retail store and does not sell or do business with the general public. Within the framework of the statutory principal-agent relationship of KRS 156.450, a local school board contracts with Textbooks, as its "official retail agent," to provide selected textbooks from the various school book publishers. Textbooks, acting as an agent for the school board, buys the books which are to be sold to the students and teachers. It employes two standard contracts in dealing with the local boards of education. Under the contract referred to in the evidence as Plan B, it orders the appropriate books, oversees their delivery to the various schools for sale to teachers and students, and takes charge of the unsold books after the local school personnel have sold and distributed the books to teachers and students. The markup on the books is 20% (the maximum under KRS 156.450) and the local school board receives 5% of the total sales. The Department of Revenue agrees with the corporation that under this purchase plan or contract Kentucky Textbooks is not subject to any sales tax.

Under the contract referred to in the evidence as Plan A, the procedure is exactly the same with one exception. Rather than leaving the books with the local schools and returning later to collect the unsold books, Textbooks sends some of its employees to the various schools to assist in the sale of the books to teachers and students. Under this arrangement the Department of Revenue contends Textbooks is liable for sales taxes. It is Revenue's position that Textbooks is acting as an independent contractor or retailer, and inasmuch as teachers and students are not exempt from sales taxes, the sales made directly to the students by Textbooks are taxable sales.

Revenue contends that under Plan B no tax is due because Textbooks sells to the school board, which is exempt, and then in turn the exempt school board sells to the students, again rendering the sale exempt. However, when Textbooks participates in the sales to the students, Revenue sees this as a retail sale in which Textbooks and not the school board is the real owner and seller of the books.

On the other hand, Textbooks maintains that Plan A differs from Plan B only in the simple respect that in Plan A Textbooks supplies the additional service, at no extra charge, of a few employees, who work under the supervision of local school personnel to assist local school employees in the sale of the books. Under both plans Textbooks is designated by the school board as its "official retail agent" and under both plans is compensated in exactly the same manner. Appellee also points out that in purchasing the books the students make their checks payable to the local school board rather than to Textbooks.

We perceive no significant difference in the two plans insofar as sales tax liability is concerned. Under Plan A the agent provides additional services at no extra cost to the board or the students and with no additional compensation to the agent. The legal relationship of the parties remains the same.

The judgment is affirmed.

All concur.